**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4223**

---

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

          versus

MATTHEW KEVIN MORRIS,

                              Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.   Frederick P. Stamp, Jr., District Judge.   (3:06-cr-00012-IMK)

---

Submitted:  August 29, 2007        Decided:  September 13, 2007

---

Before NIEMEYER and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Brian C. Crockett, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant.   Sharon L. Potter, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew K. Morris appeals his ninety-two month sentence following his guilty plea and conviction for possession with intent to distribute 1.06 grams of cocaine base. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue, but stating that in his opinion, there are no meritorious issues for review. Morris was advised of his right to file a pro se brief, and has done so. The Government also filed a responding brief arguing that Morris waived his right to appeal his sentence, and that in the alternative, Morris's sentence was reasonable. Finding Morris validly waived the right to appeal his sentence, we dismiss his appeal.

The Government contends that Morris waived his right to appeal any sentence within or below the maximum provided in the statute or the manner in which the sentence was determined. This court reviews the validity of a waiver de novo, United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), and will uphold a waiver of appellate rights if the waiver is valid and the issue being appealed is covered by the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991). Generally, if a district court fully questions a defendant regarding his

waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid. Wessells, 936 F.2d at 167-68. Morris explicitly agreed that he: "knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or the manner in which the sentence was determined on any ground whatsoever, including those grounds set forth in Title 18, United States Code, Section 3742."

The district court conducted a thorough Rule 11 colloquy and specifically questioned Morris about whether he understood he was waiving his right to appeal a sentence below the statutory maximum. Morris stated that he was not under the influence of any drugs, nor was he suffering from any hearing impairments or mental illnesses that would prevent him from entering a valid plea. The court reviewed the terms of the plea agreement, and Morris understood that the agreement was the complete agreement, had reviewed its terms with his attorney, was pleading guilty because he was indeed guilty, and agreed there were no other promises or representations inducing his guilty plea. Morris agreed that he understood the elements of the crime to which he was pleading guilty and that he could receive up to the statutory maximum of twenty years in prison.

Morris agreed that the court had the authority to depart from any sentence recommended under the guidelines and impose either a longer or shorter sentence, that if the sentence imposed

upon him was longer than he hoped or expected he would still be bound by his guilty plea and may not withdraw it, nor could he appeal such sentence. The district court concluded that the plea was freely and voluntarily made and that Morris had full knowledge of its consequences, and accepted the plea.

Morris's sentence of ninety-two months is well below the statutory maximum of twenty years. The record establishes that Morris made a knowing and voluntary waiver of his appellate rights, thus, the waiver provision should be enforced, precluding Morris's <u>Anders</u> sentencing challenge.

Morris argues in his pro se filing that he should have received a lesser sentence in light of his assistance and his girlfriend's assistance with the Government's ongoing criminal investigations, and that he should not have been found to be a career offender. As discussed above, these sentencing claims are foreclosed by Morris's validly entered guilty plea and the waiver provision of his plea agreement.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we dismiss the appeal. This court requires that counsel inform Morris, in writing, of the right to petition the Supreme Court of the United States for further review. If Morris requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Morris.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED